[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2010
JOHN LEY
ACTING CLERK

No. 09-12603
Non-Argument Calendar

_____

Agency Nos. A095-262-712, A095-262-713

GERARDO DIAZ-CARDENAS,
GERARDO ANDRES DIAZ-NAVAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 1, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gerardo Diaz-Cardenas petitions for review of the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). Both the Board of Immigration Appeals and immigration judge denied the application based on a finding that Diaz-Cardenas was not credible. We deny the petition.

Diaz-Cardenas presents two arguments, but we lack jurisdiction to consider one of those arguments. Diaz-Cardenas argues that he was denied a fair hearing because the asylum office failed timely to transfer his supporting documents for his removal hearing and he was denied an opportunity to explain discrepancies between some of those documents and his testimony. Diaz-Cardenas did not present that argument to the Board, and "absent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Diaz-Cardenas also argues that the adverse credibility finding is not supported by substantial evidence, but we disagree. See Al Najjar v. Ashcroft, 257

2

F.3d 1262, 1283–84 (11th Cir. 2001). The Board and immigration judge provided specific and cogent reasons to support that finding. Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1048 (11th Cir. 2009). There were numerous inconsistencies between Diaz-Cardenas's application, his testimony at the removal hearing, and his supporting documents. Diaz-Cardenas initially stated in his application that he organized youth sports events for Major Ricardo Gomez Marin beginning in 1998, but Diaz-Cardenas later testified that he worked for Gomez in 1996 and again in 1998. Diaz-Cardenas initially stated in his application that in July 2001 he was threatened by several members of the National Liberation Party, but he later testified he was threatened by only one individual. Diaz-Cardenas testified that he was the intended target of a shooting on December 7, 2001, but a letter submitted by Gomez stated that the shooting occurred on July 7, 2001. Diaz-Cardenas also testified incredibly that a letter from Major Jose Antonio Pereira Sanchez dated November 3, 2001, was written after the shooting and backdated at Diaz-Cardenas's request. Although Diaz-Cardenas blamed the National Liberation Party for his persecution, Gomez and other officials who submitted letters on behalf of Diaz-Cardenas attributed the persecution to "outlaw groups." Diaz-Cardenas offers no explanation for his inconsistencies that would "'compel' a reasonable fact finder" to reverse the adverse credibility finding and conclude that he established

3

eligibility for asylum and withholding of removal.  <u>Chen v. U.S. Att'y Gen.</u>, 463

F.3d 1228, 1233 (11th Cir. 2006).

Diaz-Cardenas's petition for review is **DENIED**.